Whenever you're ready. You were ready. This is probably the simplest case you'll see today. Good morning, Your Honors. You know, it was a simple issue, I think, and we briefed it. But, you know, just to go over the facts, what happened is my client sued the Boeing Company, which appears to be the agent for McDonnell Douglas. He alleged in his first amended complaint that he was terminated. Well, let me go back. My client is a union employee, so he has a union contract with the company, and the union has a hierarchy, a ladder, if you will, seniority. And what happened is that at some point, a supervisor told him that he had been think-slipped for a while, and at some point, he received information from a supervisor that he was terminated. Now, when he received information that he was terminated, his imagination got a hold of him, and he wanted to know why he was terminated. He's a minority, and in his mind, he was terminated because of racial animus. Okay, but the issue in this case is whether or not the case was properly removed, right? And I'm getting to that, yes. I'm just setting it up for you. Anyhow, so he alleged he filed a complaint, and the first amended complaint stated that he was terminated on July 2003. That is, that's the date that he was first told that you're never going to work here again. Before that, he had been think-slipped, thinking, okay, that's fine, seniority, these are the rules, I go by it. I think I know where you're going. You're saying that the damages were not as much as Boeing says they are, because he was terminated. Yes, but what I wanted to tell you is that what happened is Boeing moved for removal. And what they did to move for removal, they put a declaration in from somebody from Human Resources that said, no, he was terminated in August 2002, which is the date that he was think-slipped. And by doing that, they extended the date, and they extended his loss of income. All this has to do with calculation of the amount of damages? That's right. Your client tells us, though, that it's over $200,000, damages. Well, he wasn't really terminated. If he wasn't terminated, he doesn't have a wrongful termination claim. But I thought what we were arguing about here is whether he had $75,000 or not. That's correct. And he tells us it's $200,000, so why doesn't that end that part of the case? As it turns out, he was never terminated. So he doesn't have any damages at all? He certainly doesn't have $200,000 in damages. Yes, he did make a claim for that, but that's common for plaintiffs to make a claim. But why couldn't the district court rely on that at the time? If the district court is determining the amount in controversy, and you have a declaration or an answer to an interrogatory saying, here's the amount I'm seeking, and if the judge relies on that, then why doesn't that end the inquiry at this point? We shouldn't go back and revisit that issue because now somebody thinks it should go back to state court. That wouldn't be appropriate, would it? Well, I think that ultimately the amount of damages is determined by a jury. Yeah, but if you lose your case, it doesn't mean you didn't have jurisdiction. This is going in. You look prospectively. What does it look like the case is all about? $75,000 or more? Here, four months after removal, he's claiming $208,000, and that's not even including any damages for emotional distress or attorney's fees. I mean, it's almost like an estoppel to me. You're here claiming that it's less than $75,000, but your client's interest said it was over $200,000. I'm not accusing you of any unethical conduct. I wasn't the trial attorney, but... Stop playing fast and loose with the joints in the system, isn't it? No, I wasn't the trial attorney, and I can appreciate that. You're stuck with what you have, but your client says it's $200,000-plus. After removal, he said it's $200,000-plus. Again, that's a claim, and that's a claim that's based upon... So we don't believe his claim. Yeah, well, I mean, now they're telling him that he was terminated in August 2002, and in fact, he was not even terminated, and he was just in merely pink slip. These are not damages. Boeing's right. If you win, we'll award all costs, expenses, and attorney's fees against your side. You'll have to pay Boeing. Well... Is that what you're after? You want to pay them for all the mistakes that your side made? No, I don't want to pay them for anything. All I'm saying is the foundation of the jurisdiction was the fact that the foundation of the lawsuit, the foundation of the claim for the money, was what they were telling him. They're saying, no, you were terminated in August 2002. Ergo, he said, well, if that's the case, here's the amount of damages I have. It turns out he was never terminated. So if you went back to state court, if this case were remanded to state court, what would your theory of liability be? There's certainly no wrongful termination theory because he wasn't terminated. What would your theory of liability be if this case went... Misrepresentation is the only thing that he has. And what are the damages from the misrepresentation? I got to tell you, I mean, if you ask me as an attorney, I tell my client, hey, if they give you like $30,000 to $50,000, kiss their hand and walk away. Take it and run. Take it and run. Because at the end of the day, I mean, I thought that it was a deceptive trial tactic, but it worked. But at the end of the day, he doesn't really have... If he was not terminated, he doesn't have any money. He can't claim money while he was pink slipped because that's the contract that he has with Boeing. He has that contract. What's the effect of a pink slip? Well, you're just put on hold. You're subject to recall. He was recalled. And he was recalled. He was recalled. He was recalled, and he worked, and I produced a copy of his paycheck. Because usually a pink slip does mean termination, even if he's subject to recall. I am misusing probably the term. What I meant is that he was subject to recall. Laid off or something. Laid off. Laid off is what I wanted to say. He's laid off. He's sitting in limbo for about a year or so. He certainly can't claim income for that period because that's his agreement with his employer. But they took this, and they said that he was terminated. And based upon the termination, they had a removal. And then based upon that, they... It's all cascades from this misstatement by Boeing. And Boeing took a big risk by doing this. But Sharon must have thought he was terminated because he sued for unlawful termination. He thought he was terminated. And again, here's the problem with... This case was so difficult because I was explaining to him that if you weren't terminated, you don't have a wrongful termination case. You can't claim that. If there was no termination, you can't claim, well, they did it because of any reason. There's the contract. There's no racial animus.  In the first place, he was deceived before he filed a lawsuit. And then they deceived him again by saying that he was terminated when he was laid off. I understand your argument. Maybe we can hear from... Can I ask a question? Sure. You want to say a word about the request for Rule 38 sanctions? Are we talking about whose request for Rule 38 sanctions? The other side requested sanctions against you, right? Well, Your Honor, I have a case. I'm representing a legitimate case. The reason we're here is because of their misrepresentation, Your Honor. Their misrepresentation. They come here to you with unclean hands. Here, I mean, you're the one who's taking the appeal. Well, I think, Your Honor, that my client pretty much had no choice. I mean, he's... The choice was to get out of town before the roof continues to fall in on your client. Well, his ex-attorneys filed the appeal, handed him the appeal. He's sitting there and he needed an attorney. I jumped in to help him out. You know, this is a very interesting case because there's no sanctions are not merited because, you know, the whole... Again, the whole foundation is deception by the person that's claiming, that's crying foul. They're the one who initiated this. What was the deception originally? Well, the deception was to say that he was terminated. They submitted a declaration from the human resources saying that he was terminated about a year earlier, which, again... That's in connection with the lawsuit? In connection with the lawsuit. Were you told before he filed the lawsuit that he was terminated? Yes, he was told in July 2003 that he was terminated. They submitted a declaration saying, no, you were terminated in August 2002. Somebody in supervisory capacity told him that he was terminated in July 2003. But then the declaration said, no, you were terminated before. On that basis, interestingly enough, on that basis, they moved for summary judgment saying that he filed his DFEH complaints late. So, I mean, it all cascades. Everything cascades from that deceptive statement by Bowen, which ultimately turned out to be incorrect. And he didn't know that he wasn't terminated until... He was not terminated until he was recalled. He called up, I think it was after... He said, I've been recalled. All right, thank you. We understand your argument. We'll give you a minute for rebuttal. Thank you. Good morning, Your Honor. I'm Barbara Johnson, and I represent the appellee, the Boeing Company. Just a couple of matters to address on the reply brief. First of all, appellant is acknowledging that he can't sue for wrongful termination. I don't understand why we're here on appeal then. I don't understand why the appeal wasn't dismissed because whether the court would have had jurisdiction or not would have been irrelevant because he has no wrongful termination case. Second of all, he said that Boeing engaged in a tactical advantage of removing the federal court to take advantage of the shortened time for a motion for summary judgment. In fact, the change in state court summary judgment rules didn't occur until July 2005. After the summary judgment was granted and this appeal was ordered. I think that this is an egregious case of game playing to sit back and do absolutely nothing and go through the entire trial process, never conduct any discovery, never do any motion for remand, never question anything, never even mention in the notice of appeal that there's a jurisdictional issue, and then just to pop up. I think this is a perfect case where sanctions are in order under federal civil procedure section 38. As to his assertion that the plaintiff was never terminated, the appellant received a pink slip, which is tantamount to termination, in April, not August. He attempted by way of his pleadings unsuccessfully to urge that he didn't realize he was terminated until July of 2003 because he thought he'd always be recalled. You know, it's clear that his DFEH claim says he was terminated. It's clear that the court properly had jurisdiction. He was terminated. He's bound by what he said in his verified DFEH claim, which was the basis of his lawsuit. And unless the court has certain... If he was terminated... Because the way it works, Your Honor, is if you're a union member and there's a layoff, you're terminated. You're laid off. Subject to recall. Yes, you're subject to recall because you're a union member. So the next time a job comes up and you have seniority for that position, you get that job. Had a job never become available, he would have never been recalled, and his termination date would have remained April. So you're saying even though under the contract the union member may have a recall right, it's still a termination. Yes. He's laid off. He's no longer receiving a paycheck. He's no longer considered an employee of the corporation.  It was a layoff. Just a layoff. It was a reduction in force, and without going into the details of the summary judgment, that's what it was found to be. And the best evidence of that is when his number came up, he was recalled. Obviously, if we were discriminating based on his national origin and age, we wouldn't have recalled him. I understand. Any questions? No. Thank you, Counsel. Thank you, Your Honor. One minute for rebuttal. Your Honor, you pose this question, well, what happens, let's say, if he gets back to state court? Well, he amends his complaint. Certainly he doesn't have a case for racial discrimination or age discrimination because everything went according to the rules, the rules of the contract between them. It's kind of inconsistent to say that he's terminated. You know, when he sued for termination, he said, you're never going to work here again. That wasn't true. I mean, he's subject to recall. He's laid off. I mean, it's just semantics at this point. And I mean, we find ourselves here because of this semantics, semantic game that's being played by Boeing. I mean, they're the ones who triggered this. And then I acted in good faith. My client acted in good faith. He was handed a notice of appeal by his attorneys, and they told him bye. Of course, he's a lay person. He doesn't know how to process an appeal. I had to work with what I had to work with. I don't have a lot to work with, and so I'm here. But thank you for your time. Thank you, Counsel. Thank you to both counsel. The case just argued is submitted for decision by the court. The cases of DiIorio v. Avaya, Securities and Exchange Commission v. Vassallo, and Cornwell v. Belton are submitted on the briefs. The final case on calendar for argument is Gardner v. Megalife.
judges: Trott, Tashima, Rawlinson